**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,**

          **Plaintiff,**

**-vs-**                                        **Case No. 6:11-cv-1054-Orl-28DAB**

**CREATION'S OWN CORPORATION, S.C.
DANIEL ROSSIGNOL, JAMES COMAN,**

          **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR DEFAULT JUDGMENT AGAINST JAMES COMAN (Doc. No. 16)**
>
> **FILED:** October 7, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff Insurer has filed a Declaratory Judgment action against its insured (Creation's Own Corporation), the insured's principal (Daniel Rossingol), and James Coman, as father of A.J. Coman, described in the complaint as "an individual residing in Cook County, Illinois." The Insurer seeks a declaration that it owes no duty to defend or indemnify its insured regarding a state court action for damages filed by James Coman against the insured in Illinois state court. According to the Complaint: "Coman has an interest in coverage being made available to Creation's Own to satisfy

a judgment, if one is obtained in favor of Coman in the underlying action. Coman therefore has an interest in the outcome of this Declaratory Action, and is appropriately named as a Defendant, and will be bound by its outcome." (Complaint at ¶12). A summons issued from this Court and was served on Coman in Illinois (Doc. Nos. 10, 13-14). The instant motion for default judgment against Coman followed. It is **respectfully recommended** that the motion be **denied.**

The law in our circuit is clear:

> Under Rule 55 of the Federal Rules of Civil Procedure, there is "a two-step procedure for obtaining a default judgment." *Deforest v. Johnny Chisholm Global Events, LLC*, No. 3:08–cv–498, 2010 WL 1792094, *7 (N.D. Fla. May 4, 2010); see also Fed. R. Civ. P. 55(a), (b). First, the clerk must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Second, after a default is entered, the party must then apply to the court for a default judgment. See Fed. R. Civ. P. 55(b). As a result, "the clerk's entry of default must precede an application" for default judgment. *Deforest*, 2010 WL 1792094 at *7 (*citing Fairman v. Hurley*, 373 F.Supp.2d 227, 231 (W.D. N.Y.2005)); *Travelers Cas. & Surety Co. of Am., Inc. v. E. Beach Dev., LLC*, Civil Action No. 07–0347–WS–B, 2007 WL 4097440, *1 (S.D. Ala. Nov. 14, 2007) ("The point is that a clerk's entry of default must precede an application to the district court for entry of default judgment.").

*Frazier v. Absolute Collection Service, Inc.*, 767 F.Supp.2d 1354, 1360 (N.D. Ga. 2011). *See also* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 1998) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"). Once a default has been entered, the plaintiff may move for default judgment pursuant to Rule 55(b). *Doe v. Clifford Fort Myers, LLC,* No. 2:07-cv-334-FtM-34SPC, 2008 WL 1776897, *1 (M.D. Fla. Apr. 16, 2008). "The law is clear that these two separate steps cannot be combined into one. . . Rather, the clerk's entry of default must precede an application to the district court for entry of default judgment." *Bardfield v. Chisholm Properties Circuit Events,*

*LLC,* No. 3:09-cv-232-MCR-EMT, 2010 WL 2278461, *6 (N.D. Fla. May 4, 2010). Here, as there has been no entry of clerk's default, the motion for entry of default judgment is, at best, premature.[1]

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 13, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1] The motion is also defective in other areas, but the Court need not reach the merits as the motion must be denied on procedural grounds.