# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**NATIONWIDE MUTUAL FIRE**
**INSURANCE COMPANY,**

        **Plaintiff,**

**-vs-**                                              Case No. 6:11-cv-1054-Orl-28DAB

**CREATION'S OWN CORPORATION, S.C.**
**DANIEL ROSSIGNOL, JAMES COMAN,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **AMENDED MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 25)**
>
> **FILED:**     **October 24, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

    As noted in a prior Report, Plaintiff Insurer has filed a Declaratory Judgment action against its insured (Creation's Own Corporation), the insured's principal (Daniel Rossignol), and "James Coman, as father of A.J. Coman, a minor, ("Coman")," described in the Complaint as "an individual residing in Cook County, Illinois." The Insurer seeks a declaration that it owes no duty to defend or indemnify its insured regarding a state court action for damages filed by James Coman against the insured in Illinois state court. According to the Complaint: "Coman has an interest in coverage being made available to Creation's Own to satisfy a judgment, if one is obtained in favor of Coman in the

underlying action. Coman therefore has an interest in the outcome of this Declaratory Action, and is appropriately named as a Defendant, and will be bound by its outcome." (Complaint at ¶12). A summons issued from this Court and was served on Coman in Illinois (Doc. Nos. 10, 13-14).

As no Answer was filed by Coman, Plaintiff moved for default judgment against him (Doc. No. 16). The undersigned issued a Report that recommended denial of the motion, as premature, in that no clerk's default had been entered (Doc. No. 20). Tellingly, the Court noted that "[t]he motion is also defective in other areas, but the Court need not reach the merits as the motion must be denied on procedural grounds." *Id.* A Clerk's Default was promptly sought and entered (Doc. Nos. 23, 24) and Plaintiff, failing to take the hint, has renewed the motion for default judgment.[1] For the reasons set forth herein, the motion must be denied.

**Standards of Law**

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). The United States Supreme Court has noted the difference between well-pleaded facts and conclusory allegations. In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... A pleading that offers 'labels and

---

[1] The Report recommending denial of the first motion for default judgment was adopted by the District Court (Doc. No. 28).

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' ... Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). This analysis is equally applicable to a motion for default judgment. *See De Lotta v. Dezenzo's Italian Restaurant, Inc*., No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, 5 (M.D. Fla. 2009).

Once liability is established, the Court turns to the terms of the judgment. Pursuant to Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." If unspecified monetary damages are sought, the party moving for default judgment has the burden to prove the unliquidated sums in a hearing on damages or otherwise. Fed.R.Civ.P. 55(b)(1)-(2). Pursuant to Rule 55(b)(2), the Court "may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to: A) conduct an accounting; B) determine the amount of damages; C) establish the truth of any allegation by evidence; or D) investigate any other matter."

"Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Systems, Inc*., 328 F.3d 1291, 1299 (11th Cir. 2003), *citing Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1368 (11th Cir.1982) (finding a judgment void under Rule 60(b)(4) where the defendant was not properly served); and *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) ("An elementary and fundamental requirement of due process in any proceeding ... accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the ... action and [to] afford them an opportunity to present their objections." (citations omitted)).

In addition to a showing of adequate service of process (or a showing sufficient to establish waiver of same), a Court can must assure itself of jurisdiction over the action and the parties. As well summarized by the Southern District of Florida Bankruptcy Court:

> It is axiomatic that absent good service, the Court has no in personam or personal jurisdiction over a defendant. *Eastman Kodak Co. v. Studiengesellschaft Kohle mbH*, 392 F.Supp. 1152 (D. Del. 1975). Although federal trial courts normally face the issue of personal jurisdiction on a Rule 12(b) motion to dismiss, courts may raise the question *sua sponte* when deciding whether to enter a default judgment when the defendant has failed to appear, since a default judgment entered against a defendant who is not subject to personal jurisdiction is void. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322 (5th Cir. 2001). Indeed, a federal trial court has an affirmative duty to examine its jurisdiction over the parties when entry of judgment is sought against a party who has failed to plead or otherwise defend. *In re Tuli, Tuli v. Republic of Iraq,* 172 F.3d 707 (9th Cir. 1999); *Williams v. Life Savings and Loan*, 802 F.2d 1200 (10th Cir. 1986). Without personal service of process in accordance with applicable law, a federal court is without jurisdiction to render a personal judgment against a defendant. *Royal Lace Paper Works, Inc. v. Pest–Guard Products, Inc.*, 240 F.2d 814 (5th Cir. 1957).

*In re Rivas*, 377 B.R. 423, 426-27 (Bkrtcy. S.D. Fla. 2007).

"The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted." *Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries,* 353 F.3d 916, 925 n. 15 (11th Cir. 2003). Moreover, "[a] defendant normally only waives a personal jurisdiction defense if he or she has entered an appearance or was involved in overt wrongdoing to deceive the court and avoid service of process." *Baragona v. Kuwait Gulf Link Transport Co. ,* 594 F.3d 852, 854 (11th Cir. 2010).

Thus, in order to enter a default judgment, the Court must find that it has jurisdiction over the parties and the action, and that an adequate showing has been made as to liability and the kind or amount of damages or other relief. The Court finds none of these matters established by the pleadings and motion papers here.

**Issues and Analysis**

Local Rule 3.01(a) requires all movants to include a "memorandum of legal authority" in support of each substantive motion. No such memorandum is presented here. Rather, Plaintiff's motion provides, in its entirety, as follows:

> PLAINTIFF'S AMENDED MOTION FOR FINAL DEFAULT JUDGMENT AS TO DEFENDANT, JAMES COMAN, as father of A.J. COMAN, a minor
>
> Plaintiff, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY ("Nationwide"), by and through its undersigned counsel, hereby moves this Court to enter Final Default Judgment as to Defendant, JAMES COMAN, as father of A.J. COMAN, a minor, pursuant to Fed.R.Civ. P. Rule 55(b)(2), and in support thereof would state as follows:
>
> 1. This is a declaratory judgment action wherein Nationwide seeks a judgment from this Court that a policy of business owner's liability insurance issued to Defendant, Creation's Own Corporation ("Creation's Own") does not provide any liability coverage for the claims asserted in the underlying lawsuit filed by James Coman, as father of AJ. Coman, a minor, against Defendants, Creation's Own and Daniel Rossignol, M.D.
> 2. Nationwide served James Coman, as father of A.J. Coman, a minor, with a copy of the Petition for Declaratory Judgment, together with a Summons, on September 15, 2011 attached as Exhibit "A."
> 3. On October 19, 2011, a Default was entered against Defendant, James Coman, as father of A.J. Coman, a minor, by the Clerk of this Court, which is attached as Exhibit "B."
> 4. As of today, October 24, 2011, more than 21 days after being served with the Petition for Declaratory Judgment, Defendant, James Coman, as father of AJ. Coman, a minor, has failed to file any responsive pleading.
> 5. As such, pursuant to Fed.R.Civ. P. Rule 55(b)(2), Plaintiff moves this Court to enter a Default Final Judgment against James Coman, as father of AJ. Coman, a minor, for failing to make an appearance in this action after service was executed.
>
> WHEREFORE, the Plaintiff, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, requests that this Honorable Court enter an Order of Default Final Judgment against James Coman, as father of A.J. Coman, a minor, in form of the proposed Order attached hereto as Exhibit "C."

(Doc. No. 25).

The proposed Order is even sparser, and reads as follows:

> FINAL DEFAULT JUDGMENT AGAINST DEFENDANT, JAMES COMAN, as father of A.J. COMAN, a minor

> THIS CAUSE, having come on for consideration by this Court on the Plaintiffs Motion for Final Default Judgment as to Defendant, James Coman, as father of AJ. Coman, a minor, and after consideration of the record, it is hereby ORDERED:
>
> 1. A Final Default Judgment is entered against Defendant, James Coman, as father of A.J. Coman, a minor.
>
> DONE and ORDERED in Chambers, Orlando, Florida this ~~ day of October, 2011.

(Doc. No. 25-3).

Plaintiff's position is that it served a Complaint, no answer was filed, a default was entered against someone, and Plaintiff wants the Court to enter a judgment that declares nothing and provides for no relief whatsoever. .

*Jurisdiction and Service of Process*

As set forth above, Plaintiff brings a declaratory judgment action and sues James Coman, **as father of A.J. Coman, a minor** (emphasis added). Assuming, without deciding, that this Complaint states a ripe case or controversy with respect to Mr. Coman, there is no showing that this Court has personal jurisdiction over him or the minor, nor that any such jurisdiction has been invoked by proper service of process.

*The Identity of Defendant*

As noted, the Complaint names Coman solely in his representative capacity as father of A.J. Coman, with respect to the claims in the litigation in Illinois. According to the complaint in that Illinois suit, however, James Coman is asserting causes of action in *both* his individual and representative capacities, presenting claims on his own behalf, *and* claims on the minor's behalf, in his capacity as father and next friend (*See* state court complaint attached to Doc. No. 1 as Doc. No. 1-2). Although the instant Complaint names Coman in his representative capacity, and seeks a judgment against him "as father of A.J. Coman, a minor," the *Summons* that was served names Coman *individually,* with no mention of A.J. Coman in either the case style, or the name and address of the Defendant (Doc. No. 23-1). The proof of service shows that service was made on "James Coman"

-6-

and the Clerk entered a default consistent with that proof (Doc. No. 24).  Thus, Plaintiff *sued* Coman the father but *served and defaulted* Coman the individual.  As the Complaint does not purport to state a cause of action against Mr. Coman in his individual capacity, the default entered against him is a nullity.  There is no basis for a default judgment against Mr. Coman.

To the extent the Complaint purports to set forth a claim for declaratory relief against Mr. Coman in his capacity as A.J. Coman's father, there is no showing that service on a person in his individual capacity equals service on the individual in his *representative* capacity, as natural guardian of a minor.  Absent a showing that this service complies with applicable law and is adequate for these purposes, the Court cannot find that James Coman, as father of A.J. Coman, a minor, has been properly served.  Moreover, to the extent that A.J. Coman, a minor, is the real party in interest, Rule 55, Federal Rules of Civil Procedure provides that "[a] default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared."  Thus, even if service is adequate, there is no showing that any default judgment can be entered here that is binding as to the minor's interest, absent the appearance of an appropriate fiduciary.

*Personal Jurisdiction*

There is also no basis presented to assert personal jurisdiction over this Defendant.  "It is an elementary requirement that personal jurisdiction must be established in every case before a court has power to render any judgment." *Lampe v. Xouth, Inc.,* 952 F.2d 697, 700 (3d Cir. 1992) (citing *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982)).  Coman is alleged to be a resident of Illinois.  "The plaintiff's burden in alleging personal jurisdiction requires that the plaintiff establish a prima facie case of personal jurisdiction over a nonresident defendant." *Exhibit Icons, LLC v. XP Companies, LLC,* 609 F.Supp.2d 1282, 1291 (S.D. Fla. 2009).  The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis. When

jurisdiction is based on diversity, Rule 4(e) of the Federal Rules of Civil Procedure requires that the assertion of jurisdiction be determined by the state long-arm statute. *Id.* If there is a basis for the assertion of personal jurisdiction under the state statute, the Court must next determine whether: (1) sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment and that (2) maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Venetian Salami Co. v. Parthenais*, 554 So.2d 499, 502 (Fla. 1989). Only if both prongs of the Due Process analysis are satisfied may this Court exercise personal jurisdiction over a nonresident defendant. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 256 (11th Cir. 1996).

Here, Plaintiff fails to make any showing sufficient to establish a basis for assertion of jurisdiction under the long arm statute, nor that either the minor Coman or his father have sufficient minimum contacts with Florida to satisfy the Due Process Clause. Plaintiff's failure to meet this basic requirement mandates denial of the motion.

*The Merits (or lack thereof)*

Even if Plaintiff had established that the Court had jurisdiction over this Defendant and the above deficiencies were somehow cured, Plaintiff has not shown entitlement to entry of the proffered default judgment. As noted above, if liability is well-pled in the complaint, it is generally considered established by the entry of a default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). The general rule, however, is not without exception. Thus, as here, in cases involving more than one defendant, a judgment of should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants. *Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1872). Moreover, if the plaintiff prevails against the nondefaulting defendants, he is entitled to judgment against both the defaulting and nondefaulting defendants, but if the nondefaulting party prevails against the plaintiff, in most cases, that judgment will accrue to the

benefit of the defaulting defendant, unless that defense is personal to that defendant. *Frow*, 15 Wall. at 554, holding:

> [I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike– the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

15 Wall. at 554.

> As this Court stated on almost identical facts:
>
> This prohibition against logically inconsistent judgments does not apply only to cases where liability is deemed to be joint. In this circuit, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans v. Midwest Elecs. Imp.,* 740 F.2d 1499, 1512 (11th Cir. 1984) ( citing C. Wright & A. Miller, Federal Practice and Procedure, § 2690, 6 Moore, Federal Practice, ¶ 55.06). This district has followed *Frow* and has been sensitive to the risk of inconsistent judgments. *See e.g., Centimark Corp. v. A to Z Coating & Sons, Inc.*, 2007 WL 4557247 (M.D. Fla. 2007), *affirmed*, 2008 WL 2909299 (11th Cir. July 30, 2008) (unpublished); *Temporary Services Insurance Ltd. v. O'Donnell*, 2008 WL 2730997, 1 (M.D. Fla. 2008) (slip opinion-declining to enter default judgment against some defendants where other claims remained against other defendants, noting: "the risk of inconsistent judgments"); *Politano v. Ott*, 2008 WL 4104137 (M.D. Fla. 2008).
>
> Here, this action does not seek to impose liability on any of the Defendants, but the defendants are certainly similarly situated with respect to the relief sought: a declaration with respect to rights and obligations under the insurance policy Plaintiff issued. The possibility of an inconsistent judgment is even more apparent here. Absent any indication that entry of final judgment solely against this defendant is necessary or appropriate at this point, the Court recommends against proceeding in this piecemeal fashion. *See* Rule 54(b), Fed.R.Civ.P. (noting that the Court may enter final judgment as to one or more but fewer than all claims or parties "only if the court expressly determines that there is no just reason for delay.")

*Essex Ins. Co. v. Anchor Marine Environmental Services, Inc*., No. 6:10-cv-340-28DAB, 2010 WL 5174025,1-2 (M.D. Fla. 2010), *recommendation adopted,* 2010 WL 5174019 (M.D. Fla. 2010). This analysis is equally applicable here, as the other co-Defendants have appeared and are actively contesting the allegations in the Complaint (Doc. No. 17).

Finally, even if the Court were inclined to disregard the foregoing and enter a default judgment against this Defendant, the proffered "Final Default Judgment Against Defendant, James Coman, as father of A.J. Coman, a minor" (Doc. No. 25-3), quoted in its entirety above, is so vague as to be a nullity. "A declaratory judgment is an action in which the court declares rights, duties, and status or other legal relations between the parties and is not a theory of recovery." *Jackson v. Astrue*, No. 3:08-cv-461-J-34TEM, 2009 WL 4730550, 1 (M.D. Fla. 2009), *citing* 22A Am. Jur. 2d Declaratory Judgments § 1. Here, the proffered *"final* default judgment" declares no rights, duties or, in fact, anything else. As the judgment is intended to be final as to this Defendant, and it declares nothing with respect to the legal relationship between the parties, the Court sees no reason to issue it.[2]

For all the foregoing reasons, it is **respectfully recommended** that the motion for final default judgment be **denied.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 16, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2]Indeed, if the proffered final judgment is, in fact, all the relief Plaintiff seeks against this Defendant, there does not appear to be a bona fide claim of an active case or controversy between these parties for the Court to resolve.