**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,**

           **Plaintiff,**

-vs-                                               **Case No. 6:11-cv-1054-Orl-28DAB**

**CREATION'S OWN CORPORATION, S.C.
DANIEL ROSSIGNOL, JAMES COMAN,
in his capacity as father of A.J. Coman, a
minor,**

           **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. No. 40)**
>
> **FILED:**      **March 6, 2012**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the case be dismissed** as to Defendant Coman.

*Background*

Plaintiff Insurer filed a Declaratory Judgment action against its insured (Creation's Own Corporation, a Florida corporation), the insured's principal (Daniel Rossignol, a Florida resident), and "James Coman, as father of A.J. Coman, a minor, ("Coman")," described in the Complaint as "an individual residing in Cook County, Illinois." (Doc. No. 1). The Insurer seeks a declaration that it

owes no duty to defend or indemnify its insured regarding a state court action for damages filed by James Coman against the insured in Illinois state court. According to the Complaint: "Coman has an interest in coverage being made available to Creation's Own to satisfy a judgment, if one is obtained in favor of Coman in the underlying action. Coman therefore has an interest in the outcome of this Declaratory Action, and is appropriately named as a Defendant, and will be bound by its outcome." (Complaint at ¶12).

The Florida Defendants answered and raised defenses. As for Coman, a summons issued from this Court and was served on Coman in Illinois (Doc. Nos. 10, 13-14). Coman filed no paper in response and Plaintiff moved for default judgment against him (Doc. No. 16). The Court denied the motion, as premature (Doc. Nos. 20, 28). A Clerk's Default was promptly sought and entered (Doc. Nos. 23, 24), and Plaintiff renewed the motion for default judgment (Doc. No. 25). This Court recommended denial of the motion, noting, among other deficiencies, that Plaintiff sued Coman, the father, but served and defaulted Coman, the individual, and "there is no showing that this Court has personal jurisdiction over [Coman] or the minor, nor that any such jurisdiction has been invoked by proper service of process." (Doc. No. 29). The Court also noted the provisions of Rule 55, Federal Rules of Civil Procedure, that "[a] default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." *Id.* The recommendation to deny the entry of default judgment against this Defendant was adopted by the District Court (Doc. No. 32).

Plaintiff caused another summons to issue, this time, as to "James Coman in his capacity as father of A.J. Coman, a minor," and served same in Illinois (Doc. No. 33-35). A clerk's default was entered on Plaintiff's motion (Doc. Nos. 38, 39). This motion for judgment on the pleadings against all Defendants followed. The Florida Defendants have filed an opposition brief (Doc. No. 41).

Coman has filed no response. For the reasons set forth herein, it is **respectfully recommended** that the motion be **denied, and the matter be dismissed, with respect to Coman.**

*Standards of Law*

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1300 (11th Cir.2001). When considering such a motion, the Court must "accept the facts alleged in the complaint as true and draw all inferences that favor the nonmovant." *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir.1998). If it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint. *Guarino v. Wyeth LLC,* 823 F.Supp.2d 1289, 1291 (M.D. Fla. 2011). As with a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id., quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Applied here, to obtain a judgment on the pleadings, Plaintiff, as the moving party, must clearly establish that no material issue of fact remains unresolved and that it is entitled to judgment as a matter of law.

*The State Complaint*

The underlying complaint in state court is attached to the Petition for declaratory relief, and is therefore included in the Court's analysis. According to the state complaint (Doc. No. 1-2), James Coman, individually and as father and next friend for the minor, is suing various defendants, including the Insureds here. The state complaint asserts that Rossignol was a medical doctor, licensed to practice medicine in Florida by the State of Florida, but unlicensed in Illinois. Rossignol "conducted business by performing telephone consultations with and treatment of patients throughout the United

States, including Illinois patients such as the Minor. . . , with joint treatment of such patients with healthcare practitioners in other states. . ." (Allegation 7). Defendant Creation's Own is alleged to have "advertised, distributed, and sold dietary supplements to patients throughout the United States, including Illinois." (Allegation 9). The state complaint also asserts that "[t]he events described. . . in which the Defendants Rossignol, Creation's Own and Doctor's Data treated the Minor Plaintiff A.J., vis-a-vis telephone consultations and/or participated in A.J.'s care and treatment occurred in Cook County." (Allegation 11).

Creation's Own "markets itself . . . as being a foremost authority on the evaluation and treatment of children with autism and, as an adjunct to its medical practice, advertises, distributes, and sells dietary supplements to autistic patients." (Allegation 14). The state complaint alleges that Rossignol treated the minor over a two-year period solely via telephone consultations, and Rossignol "made diagnoses and established treatments" (Allegation 21). Rossignol "diagnosed a myriad of conditions" (Allegation 25) and "prescribed" a "non-approved drug" and other "medications" manufactured and distributed by Creation's Own (Allegation 22, 26-32). It is alleged that the treatments were unwarranted and not medically necessary.

The state complaint asserts several counts against other defendants, as well as a count for medical negligence against Rossignol (Count XIII); lack of informed consent against Rossignol (Count XIV); intentional misrepresentation against Rossignol (Count XV); civil conspiracy (Count XVI); intentional infliction of emotional distress against Rossignol (Count XIX); intentional infliction of emotional distress against Creations' Own (Count XX); a Family Expense Act claim against Rossignol (Count XXIV); and a Family Expense Act claim against Creation's Own (Count XXV).

*The Instant Complaint*

In this Court, Plaintiff Insurer sues for declaratory relief, alleging that it issued a Business Owners Liability Insurance Policy to Creation's Own, a copy of which is attached to the Complaint. Plaintiff alleges that coverage for the underlying state action is precluded by the conditions and/or exclusions in the Policy. Plaintiff alleges that the underlying action is an action for Medical Malpractice and all of the allegations of the underlying suit would be excluded from coverage by the "professional services" exclusion, as follows:

Business Owners Liability Coverage Form

A. Coverages

1. Business Liability

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage", "personal injury", or "advertising injury" to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

B. Exclusions

    1. Applicable to Business Liability Coverage

This insurance does not apply to:

\*\*\*

J. Professional Services
"Bodily Injury," or "property damage", "personal injury" or "advertising injury" due to rendering or failure to render any professional service. This includes but is not limited to:
\*\*\*
(4) Medical, surgical dental, x-ray or nursing
services treatment, advice or instruction.
(5) Any health or therapeutic service
treatment, advice or instruction.
\*\*\*

> (9) Services in the practice of pharmacy; but this exclusion does not apply to an insured whose operations include those of a retail druggist or drugstore.
>
> THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
>
> FLORIDA CHANGES-DRUGGIST LIABILITY EXCLUSION
>
> This endorsement modifies insurance provided under the following:
>
> BUSINESS OWNERS POLICY
>
> Paragraph l.j.(9) of the EXCLUSION Section in the Business owners Liability Coverage Form is replaced by the following:
> (9) Services in the practice of pharmacy; but with respect to an insured whose operations include those of a retail druggist or drugstore, this exclusion applies only to "bodily injury" or "property damage":
>
> a. Arising out of any goods or products:-----
> (I) Listed in any formulary of medicinal drugs created under Chapter 465.186 of the Florida Statutes (or any amendment to that law); and
> (ii) Prescribed by any insured.
>
> b. Arising out of any insured's rendering of, or failure to render, consulting, diagnostic, referral or similar service as permitted or required under Chapter 465.186 of the Florida Statutes or any amendment to that law.

(Doc. No. 1, Allegation 14).

Plaintiff seeks a declaration that it therefore has no duty to defend or indemnify.

*Issues and Analysis*

Before the Court can address the merits of the motion, it must perform a preliminary analysis as to whether it has jurisdiction to enter what amounts to a default judgment against the non-appearing Illinois Defendant (Coman). Although federal trial courts normally face the issue of personal jurisdiction on a Rule 12(b) motion to dismiss, courts may raise the question *sua sponte* when deciding whether to enter a default judgment when the defendant has failed to appear, since a default

judgment entered against a defendant who is not subject to personal jurisdiction is void. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy,* 242 F.3d 322 (5th Cir. 2001); *Williams v. Life Savings and Loan*,

802 F.2d 1200 (10th Cir. 1986). A federal trial court has an affirmative duty to examine its jurisdiction over the parties when entry of judgment is sought against a party who has failed to plead or otherwise defend. *Williams,* 802 F. 2d at 1203; *In re Tuli*, 172 F.3d 707 (9th Cir. 1999); *cf. Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2nd Cir. 2010) ("we agree with our sister circuits that before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant.").

"Personal jurisdiction is a composite notion of two separate ideas: amenability to jurisdiction, or predicate, and notice to the defendant through valid service of process." *Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries,* 353 F.3d 916, 925 n. 15 (11th Cir. 2003), *quoting DeMelo v. Toche Marine*, *Inc.*, 711 F.2d 1260, 1264 (5th Cir. 1983). This Court has previously addressed the issue of jurisdiction over Coman in the context of the earlier motion for default judgment, and concluded that Plaintiff had failed to make the required showing of predicate (Doc. No. 29). As the Court explained:

> "It is an elementary requirement that personal jurisdiction must be established in every case before a court has power to render any judgment." *Lampe v. Xouth, Inc.,* 952 F.2d 697, 700 (3d Cir. 1992) (citing *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982)). Coman is alleged to be a resident of Illinois. "The plaintiff's burden in alleging personal jurisdiction requires that the plaintiff establish a prima facie case of personal jurisdiction over a nonresident defendant." *Exhibit Icons, LLC v. XP Companies, LLC,* 609 F.Supp.2d 1282, 1291 (S.D. Fla. 2009). The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis. When jurisdiction is based on diversity, Rule 4(e) of the Federal Rules of Civil Procedure requires that the assertion of jurisdiction be determined by the state long-arm statute. *Id.* If there is a basis for the assertion of personal jurisdiction under the state statute, the Court must next determine whether: (1) sufficient minimum contacts exist to satisfy the

> Due Process Clause of the Fourteenth Amendment and that (2) maintenance of the
> suit does not offend "traditional notions of fair play and substantial justice."
> *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed.
> 95 (1945); *Venetian Salami Co. v. Parthenais*, 554 So.2d 499, 502 (Fla. 1989).
> Only if both prongs of the Due Process analysis are satisfied may this Court
> exercise personal jurisdiction over a nonresident defendant. *Robinson v. Giarmarco
> & Bill, P.C.*, 74 F.3d 253, 256 (11th Cir. 1996).
>
> Here, Plaintiff fails to make any showing sufficient to establish a basis for assertion
> of jurisdiction under the long arm statute, nor that either the minor Coman or his
> father have sufficient minimum contacts with Florida to satisfy the Due Process
> Clause. Plaintiff's failure to meet this basic requirement mandates denial of the
> motion.

(Doc. No. 29).

Plaintiff lodged several objections to that finding (Doc. No. 30), contending that the Court had "supplemental jurisdiction over the Comans [under 28 U.S.C. § 1367] because they are necessary parties to this action and there is a tight nexus with the matter currently before the Court." (Doc. No. 30). The District Court considered this objection, but adopted the undersigned's report (Doc. No. 32). The instant motion adds absolutely nothing to alter the Court's conclusion that there is no basis asserted for jurisdiction over Coman, either individually or in a representative capacity.[1] As Plaintiff has been advised of this defect but has failed to correct it or to offer any showing that this Defendant is, indeed, within the jurisdiction of this Court, it is **respectfully recommended** that the claim against Coman be **dismissed** for failure to establish *personal* jurisdiction**.**

---

[1] In his original objection (Doc. No. 30), Plaintiff has confused subject matter jurisdiction with personal jurisdiction. Although Plaintiff argues that the Court has jurisdiction over declaratory judgment actions, nothing in Chapter 86, Florida Statutes, or 28 U.S.C. § 2201 purports to alter the basic requirements of due process. Moreover, Plaintiff's contentions regarding jurisdiction over Coman are without any factual support. Plaintiff asserts that "the alleged tort committed against A.J. Coman in the underlying case occurred in Florida," (Doc. No. 30, paragraph 11), but the underlying complaint filed by Coman in fact alleges that the "events described occurred in Cook County [Illinois]." Finally, the supplemental jurisdiction statute cited, 28 U.S.C. § 1367, is directed to *claims.* While the Court may have subject matter jurisdiction over the claim, it cannot adjudicate it absent personal jurisdiction over the defendant.

With respect to the remaining Defendants, jurisdiction is present, and the parties have appeared and oppose the motion. The Court agrees with Defendants that, on the merits, the motion is not well taken.

Plaintiff notes that under Florida law, insurance contracts are construed according to their plain meaning. *Taurus Holdings, inc. v. United States Fidelity and Guaranty Company*, 913 So.2d 528 (Fla. 2005). If the relevant policy language is susceptible to more than one reasonable interpretation, one providing coverage and another limiting coverage, the insurance policy is considered ambiguous, *Auto-Owners Insurance Company v. Anderson*, 756 So.2d 29, 34 (Fla. 2000). Ambiguities in insurance contracts are interpreted against the insurer and in favor of the insured. *Swire Pac. Holdings, Inc. v. Zurich Insurance Company*, 845 So.2d 161, 165 (Fla. 2003).[2] Exclusionary clauses are strictly construed. *See Estate of Tinervin v. Nationwide Mut. Ins. Co.*, 23 So.3d 1232, 1236 (Fla. 4th DCA 2009).

Plaintiff contends that the underlying state action brought against its insured is an action solely for medical malpractice (Doc. No. 40, Paragraph 8) and asserts that: "All of the causes of action alleged against the insured in the underlying case arise out of the alleged medical negligence of Dr. Rossignol in treating Mr. Coman, and would, therefore, be excluded by the professional services exclusion" of the Policy (Doc. No. 40, Paragraph 18). This contention, however, is in dispute. Defendants point out that, in addition to counts for medical negligence, Coman has also pled counts of civil conspiracy, intentional misrepresentation, and intentional infliction of emotional distress claims against the Insureds. These causes of action are for *intentional* acts, including an allegation

---

[2]One of the cases Plaintiff cites later in its motion, *Estate of Tinervin v. Nationwide Mut. Ins. Co.*, 23 So.3d 1232 (Fla. 4th DCA 2010), found the term "professional service" as used in Plaintiff's Policy to be unambiguous. In that case, the state court found a duty to defend existed, but not a duty to indemnify, noting, though, that "[i]t was only after the facts were flushed out in discovery that the duty to indemnify was found not to exist." 23 So.3d at 1238. By contrast here, no facts are presented other than the bare pleadings.

of conspiring to commit fraud; they are not counts for medical negligence. Moreover, the basis for some of these counts is the alleged harm resulting from the "supplements" manufactured and "advertised, distributed and sold" by Creation's Own. It is not clear if Creation's Own is therefore providing pharmacy services as a "drugstore," if the supplements are "listed in any formulary of medicinal drugs" or if all of the supplements or "non-approved" drugs fit the definition of "prescribed by any insured," as defined in the Policy. Finally, there is absolutely no briefing on the Illinois Family Medical Expenses Act, so the Court cannot find as a matter of law that this claim is foreclosed by the terms of the Policy. Applying the applicable standards of law and drawing all inferences in favor of Defendants, Plaintiff has not established that it is entitled to judgment on the pleadings here.[3]

## Conclusion

For the reasons set forth above, it is **respectfully recommended** that the motion be denied, and that the case be dismissed as to Defendant Coman.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 4, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge

---

[3] To be clear, the Court is not finding that the Policy Exclusions do not apply. Rather, it is finding that the sparse papers filed by Plaintiff are not sufficient to establish that there are no material facts in dispute and the moving party is entitled to judgment as a matter of law.

Counsel of Record
Unrepresented Party
Courtroom Deputy